IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Lee Fields,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Tira Diaz, et al.,<br><br>　　　　　Respondents. | CIV-11-8200-PCT-JAT (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:

　　On December 12, 2011, Petitioner Richard Lee Fields filed a Petition for Writ of Habeas Corpus by a Person in State Custody (Arizona State Department of Corrections) pursuant to 28 U.S.C. § 2254. (Doc. 1.) In his Petition, Petitioner raises eight grounds for relief. Respondents filed an Response, (Doc. 9), and Petitioner has filed a Reply (Doc. 11). On May 21, 2012, Petitioner filed a Notice of Change of Address, indicating that he has moved to Illinois and is no longer in custody.

　　On August 28, 2012, the Court issued an Order to Show Cause requesting that Petitioner show cause, on or before September 12, 2012, why his habeas petition should not be dismissed as moot in light of his apparent release from custody. (Doc. 14.) To date, Petitioner has failed to respond to the Court's Order or otherwise communicated with the Court.

Accordingly, in light of Petitioner's release from custody, and it appearing that no case or controversy remains, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus be dismissed as moot.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** as moot and without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 18th day of September, 2012.

_Michelle H. Burns_
Michelle H. Burns
United States Magistrate Judge